PROVIDENCE MANOR HOMEOWNERS ASSOCIATION, Appellant,

v.

CONNER et al., Appellees.

[Cite as *Providence Manor Homeowners Assn. v. Conner* (1997), 118 Ohio App.3d 895.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

Nos. CA96–04–085 and CA96–04–086.

Decided May 12, 1997.

*Cuni, O'Brien & Ferguson Co., L.P.A., James F. O'Brien* and *Amy Schott Ferguson,* for appellant.

*John Conner* and *Marion Conner, pro se.*

*Deepak Agarwal, pro se.*

WILLIAM W. YOUNG, Presiding Judge.

Plaintiff-appellant, the Providence Manor Homeowners Association ("Providence Manor"), appeals a declaratory judgment in favor of defendants-appellees, John and Marion Conner and Deepak Agarwal. The trial court concluded that Providence Manor did not have authority to enforce certain terms and conditions it attached to the association's approval of portable basketball goals.

Providence Manor is a nonprofit corporation formed to administer and maintain the Providence Manor Subdivision. The association's authority stems from a Declaration of Covenants, Conditions, Restrictions, and Reservation of Easement for Providence Manor Homeowners Association (the "Declaration"). In 1993 Providence Manor granted permission to John Conner, Deepak Agarwal, and Terry Combs to use portable basketball goals on their property. The written approvals, however, contained a restriction that the basketball goals "must be stored either behind the building or in the garage" when not in use.

On January 20, 1995, Providence Manor filed three separate actions in the Butler County Court of Common Pleas to enforce the restrictions to its approval of the basketball goals. The three actions were consolidated on May 23, 1995. The trial court held a trial on September 22, 1995, and issued its decision on March 6, 1996. The trial court found that under the restrictive covenants in the

Declaration, the homeowners' association had the right only to approve or disapprove the request for the erection or placement of a basketball hoop on any lot or building. The court concluded that there was no express or implied basis for Providence Manor to "adopt guidelines or regulations concerning the use of portable or permanent basketball hoops and their placement both during and after use."

▇ Under a single assignment of error on appeal, Providence Manor complains that the trial court erred in holding that the association had no right to adopt guidelines or regulations in connection with its approval of basketball hoops. Providence Manor argues that its restrictions were not arbitrary or capricious, and that appellees had notice of the guidelines when they applied for approval.

▇ Restrictive covenants containing a general building scheme or plan for development are enforceable if the covenants are not contrary to public policy. *Dixon v. Van Sweringen Co.* (1929), 121 Ohio St. 56, 166 N.E. 887, paragraph one of the syllabus. A restrictive covenant requiring consent of a developer or homeowners' association to construction or improvements is enforceable if there are standards for that consent. *Prestwick Landowners' Assn. v. Underhill* (1980), 69 Ohio App.2d 45, 49, 429 N.E.2d 1191, 1194–1195. Restrictive covenants over the use of property, however, are generally disfavored and will be strictly construed. *Loblaw, Inc. v. Warren Plaza, Inc.* (1955), 163 Ohio St. 581, 127 N.E.2d 754, paragraph two of the syllabus.

Section 5.2.18 of the Declaration provides that "[n]o basketball hoops may be erected or placed on any lot or building without prior written consent as provided in Section 5.1." Section 5.1 provides:

"No building, fence, wall or other structure shall be commenced, erected or maintained upon the Properties, nor shall any exterior addition to or change or alteration therein be made until the plans and specifications showing the nature, kind, shape, height, materials and location of the same shall have been submitted and approved in writing by the appropriate entity. Review of new construction shall be by the Declarant and all other review shall be by the Board of Trustees of the Association or by an architectural committee composed of three (3) members appointed by the Board. Such plans and specifications shall be reviewed as to harmony of external design and location in relation to surrounding structures and topography in accordance with the requirements hereinafter set forth."

The trial court did not hold that the restrictive covenant requiring prior consent for the erection or placement of basketball hoops was invalid. The trial court did note that the restrictive covenant did not expressly provide Providence

Manor with authority to attach conditions to the use of basketball hoops after approval. This is a strict interpretation of the restrictive covenant, but it is consistent with the doctrine that doubts over the scope of such agreements will be construed against a construction that will increase a restriction over real estate. The trial court did not err in refusing to enforce Providence Manor's guidelines and regulations for the placement and use of the basketball hoops, and the trial court properly denied the association's request for a declaratory judgment and an injunction. Providence Manor's sole assignment of error is overruled.

*Judgment affirmed.*

KOEHLER and WALSH, JJ., concur.